UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. |
| v. | ) ) ) |
| GENESIS NETWORKS TELECOM SERVICES, LLC, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff, HANOVER INSURANCE COMPANY, a corporation (hereinafter, "Hanover"), and files this, its Complaint for Declaratory Judgment against Defendant Genesis Networks Telecom Services, LLC ("Genesis"), as follows:

**NATURE OF THE ACTION**

1. The dispute in this action involves a claim for insurance benefits arising out of an arbitration filed with the American Arbitration Association, Dallas Regional Office, under the caption, *AT&T Services, Inc. v. Genesis Networks Telecom Services, LLC*, Case No. 01-20-0000-5855 (the "AT&T Arbitration").

2. The AT&T Arbitration alleges that Genesis failed to bind its subcontractor to the terms of its contract with AT&T and failed to comply with its obligations under an indemnification provision in the contract, resulting in AT&T incurring more than $200,000 in attorneys' fees and costs in defending a lawsuit by the subcontractor and $16,875,000 to settle that lawsuit.

3. The Hanover Technology Professionals Liability Policy issued to Genesis covers only "claims" arising out of an "anomaly" in "your product" or "your work".

4. Hanover seeks a declaration that it has no duty to defend or indemnify Genesis in

the AT&T Arbitration.

## PARTIES, JURISDICTION AND VENUE

5.   Plaintiff Hanover is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

6.   Defendant Genesis is a limited liability with its principal place of business in San Antonio, Texas, and its sole member is Genesis Networks Enterprises, LLC.  The sole member of Genesis Networks Enterprises, LLC is James Goodman, who is a citizen of Texas.

8.   In the AT&T Arbitration, AT&T seeks its attorneys' fees and costs in defending the lawsuit brought by Genesis's subcontractor, which allegedly amounts to more than $200,000, plus reimbursement of the $16,875,000 it paid to settle that lawsuit. These amounts, plus the costs of defending the AT&T Arbitration, collectively exceed $75,000.

9.   Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

10.   **Intradistrict Assignment:** Venue in the San Antonio division of this Court is proper because the underlying lawsuits were premised on conduct occurring in the County of Bexar and the insurance policy at issue was delivered in the County of Bexar.

## AT&T DEMAND LETTER AND ARBITRATION

11.   On or about December 28, 2018, Matthew Justus, the Assistant Vice President and Senior Legal Counsel for AT&T, sent a letter to Genesis advising that it had been sued by Technicolor Connected Home USA, LLC ("Technicolor") for breach of contract and negligent misrepresentation and seeking indemnification under the Contract between AT&T and Genesis. A true and correct copy of the December 28, 2018 letter is attached hereto as **Exhibit A**.

12.   On or about February 9, 2020, AT&T filed a Statement of Claims against Genesis in the AT&T Arbitration.

13.   On or about March 20, 2020, AT&T settled the lawsuit filed by Technicolor in the amount of $16,875,000.

14. On or about April 13, 2020, AT&T filed an Amended Statement of Claims. A true and correct copy of the Amended Statement of Claims is attached hereto as **Exhibit B**.

15. The Amended Statement of Claims alleges, in part:

    a. AT&T offers a variety of home automation and security functions through its Digital Life system.

    b. On August 29, 2012, AT&T and Genesis entered into a Contract to govern AT&T's purchase from Genesis of certain products for use in AT&T's business.

    c. On August 19, 2016, AT&T supplemented the Contract to add Technicolor-manufactured Digital Life Controllers ("DLCs") and batteries.

    d. The Contract between AT&T and Genesis details the process by which AT&T would forecast its projected need for the DLCs and batteries through weekly rolling Collaborative Planning forecasting and Replenishment documents.

    e. To perform its obligations under the Contract to deliver DLCs and batteries based on purchase orders from AT&T, Genesis entered into a subcontract with Technicolor dated September 28, 2019. The Subcontract makes clear that AT&T and Technicolor had no separate contract for the purchase of DLCs as of the date of the Subcontract.

    f. There is no mention of the forecasts, the fact that the forecasts do not bind AT&T, or the fact that AT&T provides the forecasts for planning purposes only anywhere in the Subcontract, despite Genesis's obligation to bind Technicolor to the terms of the Contract.

    g. Genesis did not agree to defend or indemnify AT&T after receipt of the December 28, 2018 Letter, but indicated a need for more information and professed a willingness to discuss ways Genesis could assist AT&T in the resolution of the Technicolor lawsuit.

16. The Amended Statement of Claims contains a single count for Breach of Contract,

which sets forth subheadings for Breach of Duty to Defend, Breach of Section 4.22 and Breach of Duty to Indemnify.

## AT&T-GENESIS CONTRACT

17. AT&T and Genesis originally entered into a Contract on August 29, 2012 to govern AT&T's purchase from Genesis of certain products for use in AT&T's business.

18. On August 19, 2016, AT&T and Genesis supplemented the Contract to add Technicolor-manufactured DLCs and batteries.

19. The Contract included a provision requiring Genesis to "indemnify, hold harmless, and defend AT&T, its Affiliates, and their agents and employees in accordance with this Section, against any Loss arising from or in connection with, or resulting from" either "the Materials or Services furnished by [Genesis]," or, separately, Genesis's "act or omissions with respect to this [Contract]."

20. The Contract defines "Loss" to include "any liability, loss, claim, demand, suit, cause of action, settlement payment, cost and expense, interest, award, judgment, damages (including punitive damages),…and Litigation Expense."

21. "Litigation Expense" includes "any court filing fee, court cost, arbitration fee, and each other fee and cost of investigating or defending an indemnified claim or asserting any claim or asserting any claim for indemnification or defense under this Agreement, including Attorney's Fees, other professionals' fees, and disbursements."

22. The Contract also contains provisions setting forth the Scope of the Agreement, including the Material and Services to be sold to AT&T.

## HANOVER POLICY

23. Hanover issued a Technology Professionals Liability Policy to Genesis for the policy period of September 1, 2018 to September 1, 2019. A true and correct copy of the Policy is attached hereto as **Exhibit C**.

24. **SECTION A – COVERAGE 1. Insuring Agreement** provides that Hanover will pay those sums "you" become legally obligated to pay as "damages" and "claim expense" because

4831-2981-6027.1

of any "claim" arising out of an "anomaly" in "your product" or "your work".

25. The Policy defines "Anomaly", in part, as follows:

"Anomaly" means any of the following with respect to "your product" or "your work", when actually or allegedly committed by "you" or on "your" behalf:
   a. **Errors and Omissions**
      1) Error, omission or negligent act;
      2) Breach of warranties or representations as to fitness, quality, suitability or performance;
      3) Failure to perform the function or serve the purpose intended….

26. The Policy defines "your product" as follows:

**21. "Your Product":**

   a. Means:

      1) Any goods or products manufactured, sold, handled, distributed or disposed of by:

         a) A "Named Insured";

         b) Others trading under a "Named Insured's" name; or

         c) A person or entity whose business or assets a "Named Insured" has acquired; and

      2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   b. Includes:

      1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      2) The providing of or failure to provide warnings or instructions in connection with "your product".

27. The Policy defines "your work" as follows:

**22. "Your work":**

    **a.** Means:

        **1)** Work or services performed by a "Named Insured" or on a "Named Insured's" behalf; and

        **2)** Materials, parts or equipment furnished in connection with such work or services.

    **b.** Includes:

        **1)** Warranties or representations made at any time with respect to the fitness, quality, performance or use of "your work"; and

        **2)** The providing of or failure to provide warnings or instructions in connection with "your work".

        **3)** For the purposes of this definition, "your work" also means activities on the "Named Insured's" website.

28. Hanover is currently defending Genesis pursuant to a reservation of rights.

## CLAIM FOR RELIEF

**(Declaratory Relief - No Duty to Defend or Indemnify)**

29. Genesis's conduct alleged in the AT&T Arbitration does not constitute an "anomaly" in "your product" or "your work".

30. The Policy does not potentially cover the claims against Genesis in the AT&T Arbitration.

31. Hanover has no duty to defend or indemnify Genesis in the AT&T Arbitration.

32. Genesis disputes the contentions of Hanover as set forth herein or contends otherwise.

33. A judicial determination of the rights and duties of the parties under the Policy with respect to the defense and indemnification of Genesis in the AT&T Arbitration is necessary and proper.

WHEREFORE, Plaintiff, HANOVER INSURANCE COMPANY, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Genesis Networks

Enterprises, LLC, finding:

    A.    The Hanover Policy does not potentially or actually cover the claims against Genesis in the AT&T Arbitration;

    B.    Hanover has no duty to defend or indemnify Genesis in connection with the AT&T Arbitration.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH

  */s/ Sarah R. Smith*

Sarah R. Smith
Texas Bar No: 24056346
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
Sarah.Smith@lewisbrisbois.com

Attorneys for Hanover Insurance Company

4831-2981-6027.1